March 25, 1907.

————o————

No. 4144.

(Court of Appeal, Parish of Orleans.)

## THE J. D. CONNELL IRON WORKS COMPANY vs. LOUIS ZEHNER.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "D."

Harry H. Hall, for Plaintiff and Appellee.

T. B. Walker, for Defendant and Appellant.

DUFOUR, J. The plaintiff sues defendant for $238.12/100 for work done and material furnished in the repair of a launch and its machinery belonging to the latter.

The defence is that Zehner never made any contract with the plaintiff, but agreed to employ one Zeigler to do certain repairs at a cost not to exceed $45, and that he is ready and willing to pay to said Zeigler the sum of $50.

The testimony of Bertrand and Zeigler, foreman of the Connell Co., shows that Zehner contracted with them respectively for certain work at a collective cost of $95, that Zehner knew that they represented the plaintiff company, and that the work was done.

Zehner's testimony is unsatisfactory. He admits his agreement with Bertrand and Zeigler, but disputes the amount, and although his boat was taken to the Connell Works and remained there for more than two months, he pretends that he did not know that it had been taken there.

But even were his statement more convincing than it is, the fact remains that the work he ordered was done at the Connell shops by its workmen. He has reaped the benefit and must pay the price. His only interest is to be protected against double payment, and the fact that the parties with whom he contracted individually, (as he claims), have testified in this suit that the plaintiff is entitlted to the money will exonerate Zehner from further liability in the premises.

But the plaintiff cannot recover for the repairs made over and above those contracted for originally by Zehner with Zeigler and Bertrand; with the exception of new batteries at a cost of $10. We have found no extra item shown by the evidence to have been authorized by Zehner.

The plaintiff had no right to go beyond the instructions of the owner and must bear the loss.

Judgment affirmed.